IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-00106-01-CR-W-DW |
| ) | |
| ) | |
| TIMOTHY RUNNELS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS INDICTMENT
FOR FAILURE TO STATE AN OFFENSE
BECAUSE EACH OF THE FOUR COUNTS AS ALLEGED ARE
UNCONSTITUTIONALLY OVERBROAD AND VAGUE**

COMES NOW defendant, Timothy Runnels, by and through his counsel of record, and moves this Honorable Court to dismiss the Indictment, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the United States Constitution. (In the alternative, the defendant requests relief pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.) As further discussed below, the counts as alleged in this case are unconstitutionally vague, violating Mr. Runnels' Due Process Rights. The charges as averred in the indictment do not give adequate notice as to what specific conduct is alleged to be unlawful. In short, Mr. Runnels requests this Court dismiss the Indictment because each count fails to state a criminal offense. In support of this motion, the defendant offers the following memorandum in support:

1

## MEMORANDUM IN SUPPORT

### A. Introduction

On March 26, 2015, the United States charged defendant Runnels by Indictment with two counts of deprivation of rights in violation of 18 U.S.C. § 242, one count of obstruction in violation of 18 U.S.C. § 1519 and one count of obstruction in violation of 18 U.S.C. § 1512(b)(3). On March 27, 2015, Mr. Runnels voluntarily surrendered and appeared for an initial appearance, arraignment and bond hearing. On that date, the defendant entered pleas of not guilty and was released on a personal recognizance bond.

In Counts One and Two, Mr. Runnels is charged with depriving another of a right under color of law. Count One alleges a violation of 18 U.S.C. § 242:

> On or about September 14, 2014, in the Western District of Missouri, TIMOTHY RUNNELS, the defendant herein, while acting under color of the laws of the State of Missouri, willfully deprived B.M of the right secured and protected by the Constitution and laws of the United States to be free from unreasonable seizure by one acting under color of law. Specifically, the defendant continuously deployed a Taser against B.M. while B.M. was on the ground and not posing a threat to the defendant or others. The offense involved the use of a dangerous weapon and resulted in bodily injury to B.M.

Count One of the Indictment does not adequately inform the defendant whether the alleged criminal conduct involves (1) the continuous deployment of the Taser, or (2) that the Taser should not have been used at all under the circumstances of the encounter, or both claims.

2

Count Two also alleges a violation of 18 U.S.C. § 242:

> On or about September 14, 2014, in the Western District of Missouri, TIMOTHY RUNNELS, the defendant herein, while acting under color of the laws of the State of Missouri, willfully deprived B.M of the right secured and protected by the Constitution and laws of the United States to be free from unreasonable seizure by one acting under color of law. Specifically, the defendant deliberately dropped B.M. face first onto the ground while B.M. was restrained and not posing a threat to the defendant or others. The offense resulted in bodily injury to B.M.

As explained in more detail below, Count Two fails to allege whether the claim of unreasonable seizure involves the arrest itself, the use of handcuffs, the use of handcuffs behind the suspect's back, or only the alleged intentional dropping of the suspect.

With respect to the Obstruction offense charged in Count Three in violation of 18 U.S.C. § 1519, the indictment alleges as follows:

> On or about September 14, 2014, in the Western District of Missouri, TIMOTHY RUNNELS, the defendant herein, in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly altered, concealed, covered up, falsified and made false entries in a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. Specifically, the defendant authored and submitted a false and misleading official police report, which falsely described and omitted details concerning the force that he used against B.M. on September 14, 2014, and the circumstances that led to B.M.'s bodily injuries on that day, with the intent to obstruct any investigation into the deprivations of constitutional rights described in Counts One and Two of this Indictment.

Count Three of the Indictment does not necessarily specify what descriptions in the written report were false, and does not identify what details were omitted from the official police report authored and submitted by Defendant Runnels. As

3

further explained in the discussion below, the defendant must speculate as to the nature of the "falsely described and omitted details" of the police report.

With respect to the Obstruction offense charged in Count Four in violation of 18 U.S.C. § 1512(b)(3), the indictment alleges as follows:

> On or about September 16, 2014, in the Western District of Missouri, TIMOTHY RUNNELS, the defendant herein, did knowingly attempt to corruptly persuade and engage in misleading conduct toward investigators from the Independence Police Department, with the intent to hinder, delay, and prevent communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense, namely, the deprivations of constitutional rights described in Counts One and Two of this Indictment. Specifically, the defendant knowingly made a false statement and intentionally omitted information from a statement, thereby causing a portion of the statement to be misleading, concerning the force that he used against B.M. on September 14, 2014, and the circumstances that led to B.M.'s bodily injuries on that day.

Count Four of the Indictment does not necessarily specify what statement was false, does not identify what information was omitted from the verbal statement, and does not identify what portion of the statement was misleading.

A party may challenge a statute on vagueness grounds by arguing that the statute is vague as applied to the relevant conduct at issue, or that the statute is facially vague. *City of Chicago v. Morales*, 527 U.S. 41, 52, 119 S.Ct. 1849, 1857 (1999) (*citing Kolener v. Lawson*, 461 U.S. 352, 358 (1983)). Vagueness may invalidate a criminal law for either of two independent reasons. First, "it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits." *Morales*, 527 U.S. at 56. Second, such a regulation may fail

4

if "it [authorizes] and even encourages[s] arbitrary and discriminatory enforcement." Id. Vagueness challenges that do not involve the First Amendment must be examined "in light of the specific facts of the case at hand and not with regard to statute's facial validity." *Chapman v. United States*, 500 U.S. 453, 467 (1991). (Emphasis added).

Due process in a criminal context demands "fair warning… in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear." *United States v. Lanier*, 520 U.S. 259, 265 (*quoting McBoyle v. United States*, 283 U.S. 25, 27 (1931). In *Lanier,* the Supreme Court provided three contexts in which the right to "fair warning" applies:

> There are three related manifestations of the fair warning requirement. First, the vagueness doctrine bars enforcement of "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." . . . Second, as a sort of "junior version of the vagueness doctrine," . . . the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered. . . . Third, although clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute, . . . due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within it scope . . . In each of these guises, the touchstone is whether the statute, either standing alone <u>or as construed</u>, made it reasonably clear at the relevant time that the defendant's conduct was criminal. (Emphasis added.)

*Lanier*, 520 U.S. at 266; c.f. *United States v. Sanford, Ltd*., Criminal Case No.

5

11-CR-352-BAH, (U.S.D.C. District of Columbia, May 2012)

### B. <u>Discussion As to Why No Fair Warning Gives Rise to a Finding of Vagueness As Applied</u>

The government is advancing a prosecution pursuant to 18 U.S.C § 242, 18 U.S.C. § 1519, and 18 U.S.C. § 1512(b)(3). Yet, none of the counts as charged clearly describe the criminal acts for which the defendant is accused.

For example, both Counts One and Two allege a violation of 18 U.S.C. § 242. Both counts allege a violation of the "right to be secured and protected by the Constitution and laws of the United States to be free from unreasonable seizure under color of law." In this regard, both counts are vague as applied and should be dismissed. It is difficult to ascertain whether the government is alleging that the suspect should not have been arrested or detained at all, or is the government alleging only that the use of the taser and that the "drop" are the only acts constituting an "unreasonable seizure?"

More particularly, Count One also alleges that "the defendant continuously deployed a taser against B.M. while B.M. was on the ground and not posing a threat to others." The government's charge fails to place Mr. Runnels on notice of the nature of the charge. Is the government alleging that the taser should not have been deployed at all? Alternatively, is the government alleging that the use of the taser was proper, but that the defendant used the taser for too long of a period of time against the suspect?

6

By similarity, Count Two alleges that "the defendant deliberately dropped B.M. face-first onto the ground while B.M. was restrained and not posing a threat to the defendant or others." Does the government allege that B.M. should never have been placed in handcuffs? Does the government allege the handcuffs should not have been placed on the hands of the suspect behind his back? Or is the government only asserting that the defendant was deliberately dropped, but that the handcuffs were placed properly on the suspect?

Counts Three and Four are also similarly flawed and fail to meet the minimal standards of fairness of due process. Count Three alleges that "knowingly altered, concealed, covered up, falsified and made false entries in a document with the intent to impede, obstruct and influence the investigation and proper administration with federal jurisdiction." Count Three also asserts that the "defendant authorized and submitted a false and misleading official police report *which falsely described and omitted details concerning the force that was used* against B.M. on September 14, 2014, and the circumstances that led to B.M.'s bodily injuries that day, with the intent to obstruct any investigation into the deprivation of constitutional rights [as described]. Emphasis added. This appears to refer to a written field report by Officer Runnels authored on September 14, 2015. (It should be further noted that the report states on each page that it is "not to be considered a final official police report.) Count Three fails to allege what acts are falsely described or omitted.

7

Does the indictment only allege a failure to describe the defendant's "intentional dropping" of B.M. *or do other acts implicate him*?

Count Four continues by stating, on or about September 16, 2014, in another statement, "the defendant authored and submitted a false and misleading official police report which *falsely described and omitted details concerning the force* that he used against B.M. on September 14, 2014, and the circumstances that led to B.M.'s bodily injuries on that day, with the intent to obstruct any investigation into the deprivation of constitutional rights [as described]." *Emphasis added*. This allegation is also unclear. Does the indictment assert only that the defendant failed to indicate that he deliberately dropped B.M.?

Alternatively, does the indictment also claim that other details of the event were omitted, or intentionally falsely stated?

### C. <u>Bill of Particulars[1]</u>

Defendant has also, in the alternative, moved under Rule 7(f) of the Federal Rules of Criminal Procedure for a bill of particulars, requesting that the Court enter an order requiring the government to provide further significant and required detail as to the matters alleged in the indictment. The United States Constitution grants every criminal defendant the right to know "the nature and the cause of the accusation" against him. U.S. Const.,

---

[1] The Defendant is aware that courts generally do not favor bills of particular or alternate relief in cases with open discovery. This alternative is only extended to make a clear record that the defendant is seeking all available remedies. Dismissal is the best relief as the indictment itself frames the jury instructions and is the tool used to put the defendant on notice of the charge.

8

Amend. VI. Without such knowledge, the accused cannot reasonably and fairly prepare a defense. *See United States v. Bortnovsky*, 825 F.2d 572, 573-74 (2d. Cir. 1987). Consistent with the accused's Sixth Amendment rights, Rule 7(f) of the Federal Rules of Criminal Procedure gives a district court the discretion to require the government to provide a bill of particulars. "It is within the sound discretion of the court to determine whether a bill of particulars should be provided, and the Court should grant such motions when necessary to prevent unnecessary surprise at trial." *United States v. Payden*, 613 F.Supp. 800, 817 (C.D.N.Y. 1985).

A bill of particulars serves a number of critical functions. Its primary purpose is to furnish the defendant with "those facts necessary to enable him, with reasonable diligent efforts, to prepare his defense." *United States v. Greater Syracuse Bd. of Realtors*, 438 F.Supp. 376, 379 (N.D.N.Y. 1977). The bill of particulars informs the defendant of the nature of the charges with specificity and provides the evidentiary details necessary so that he or she can properly prepare a defense; it avoids or minimizes surprises at trial, and enables the defendant to plead acquittal or conviction in bar of any further prosecution for the same offense under the double jeopardy clause. *Will v. United States*, 389 U.S. 90 (1967); *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993); *United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir. 1988); *United States v. Garett*, 797 F.2d 656, 665 (8th Cir. 1986); *United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1986). A bill of particulars is required "[w]here the charges in the indictment are so general that

9

they do not advise the defendant of the specific acts of which he [or she] is accused." *United States v. Matos-Peralta*, 691 F.Supp 780, 791 (S.D.N.Y. 1988); *United States v. Leonelli*, 428 F. Supp 880, 882 (S.D.N.Y. 1970; *See also United States v. White*, 753 F.Supp 432 (D. Conn. 1990).

The defendant acknowledges and appreciates the fact that the government has provided discovery in this case. Some courts have concluded that full discovery obviates the need for a bill of particulars. *See, e.g. United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). However, in this case, the discovery produced to date does not cure the defects in the charges as alleged. In fact, the discovery raises serious questions about the charges as alleged for the reasons set out above.

### D. Rule of Lenity

The rule of lenity "ensures fair warning by resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered." *Lanier*, 520 U.S. at 266. The rule is founded on two policies: (1) fair warning of what is unlawful and (2) ensuring that legislatures, and not the courts, define what is criminal. *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed. 2nd 488 (1971). As applied in this case, there has been no clear warning that an 18 U.S.C. § 242 has been violated, or that 18 U.S.C. § 1519 and 18 U.S.C. § 1512(b)(3) have been breached.

WHEREFORE, for the above and foregoing reasons, the defendant respectfully moves this Honorable Court for its order dismissing the Indictment, and for such further relief as this court deems just and proper, including the directive that a bill of particulars be filed.

>Respectfully submitted,
>
>WYRSCH HOBBS & MIRAKIAN, P.C.
>
>By:  */S/ JAMES R. HOBBS*
>   JAMES R.HOBBS          #29732
>   MARILYN B. KELLER      #39179
>   1200 Main, Suite 2110
>   Kansas City, Missouri 64105
>   Tel:  (816) 221-0080
>   Fax:  (816) 221-3280
>
>*ATTORNEYS FOR DEFENDANT RUNNELS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of August, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

>/s/ *JAMES R. HOBBS*
>*ATTORNEY FOR DEFENDANT RUNNELS*