# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 15-00106-01-CR-W-DW |
| **TIMOTHY RUNNELS,** | |
| **Defendant.** | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1.     The Parties.**  The parties to this agreement are the United States Attorney's Office for the Western District of Missouri, represented by Tammy Dickinson, United States Attorney, and David M. Ketchmark, Assistant United States Attorney, and the Criminal Section of the Civil Rights Division of the Department of Justice, represented by Vanita Gupta, Principal Deputy Assistant Attorney General, and Shan Patel, Trial Attorney, (collectively referred to herein after as "the Government" or "the United States") and the defendant, Timothy Runnels ("the defendant"), represented by JR Hobbs.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri and the Criminal Section of the Civil Rights Division of the Department of Justice, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count Two of the Indictment charging him with a violation of 18 U.S.C. § 242, deprivation of rights under the color of law. By entering into this plea agreement, the defendant admits that he knowingly committed this offense, and is in fact guilty of this offense.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offenses to which the defendant is pleading guilty are as follows:

At all times relevant to this plea of guilty, the Independence Police Department was a law enforcement agency in the Western District of Missouri. Among other functions, the Independence Police Department investigated crimes committed in Independence, Missouri. Employees of the Independence Police Department were responsible for conducting themselves in compliance with federal, state, and local laws, including the United States Constitution. At all times relevant to this guilty plea, defendant TIMOTHY RUNNELS was employed as a police officer at the Independence Police Department.

On or about September 14, 2014, in the Western District of Missouri, TIMOTHY RUNNELS, the defendant herein, while acting under color of the laws of the State of Missouri, willfully deprived B.M. of the right secured and protected by the Constitution and laws of the United States to be free from unreasonable seizure by one acting under color of law. Specifically, the defendant deliberately dropped B.M. face first onto the ground while B.M. was restrained and not posing a threat to the defendant or others. The offense resulted in bodily injury to B.M.

4. **Use of Factual Admissions.** The defendant acknowledges, understands, and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's

2

Case 4:15-cr-00106-DW   Document 20   Filed 09/11/15   Page 2 of 10

offense level in accordance with U.S.S.G. § 1B1.3. The defendant acknowledges, understands and agrees that all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3 in calculating the offense level for the charge to which he is pleading guilty.

5. **<u>Statutory Penalties</u>.** The defendant understands that upon his plea of guilty to Count Two of the Indictment charging him with deprivation of rights under the color of law, the maximum penalty the Court may impose is not more than ten years of imprisonment, a $250,000.00 fine, up to a three-year term of supervised release, and a $100.00 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C Felony.

6. **<u>Sentencing Procedures</u>.** The defendant acknowledges, understands and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

    b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to three years;

    d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to two years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed three years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

3

Case 4:15-cr-00106-DW   Document 20   Filed 09/11/15   Page 3 of 10

e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

h. the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court; and

i. The Court may order restitution to be paid to victim of the offense to which he is pleading guilty, and all other uncharged related criminal activity.

**7. Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the Government agrees:

a. To not file additional charges against the defendant arising out of the facts forming the basis for the present indictment and investigation, and to dismiss Counts One, Three and Four at the time of sentencing;

b. To recommend a sentence no more than forty eight (48) months and to permit the defendant to seek a non-custodial sentence; and

c. To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the Government of his intention to enter a plea of guilty.

The Government's obligations concerning agreements listed in this paragraph are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the Government. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G.

§ 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the Government reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or otherwise failed to adhere to its terms, the Government shall not be bound by this paragraph and may pursue additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

**8.** **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the counts to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of

5

this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Application of the Sentencing Guidelines.** The parties acknowledge that the United States Sentencing Guidelines (Guidelines) will be applied by the Court to calculate the applicable sentence in this case and used on an advisory basis. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines.

**11.	Effect of Non-Agreement on Guidelines Applications.**  The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues and the parties are free to advocate their respective positions at the sentencing hearing.

**12.	Change in Guidelines Prior to Sentencing.**  The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option.   If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13.	Government's Reservation of Rights.**  The defendant understands that the United States expressly reserves the right in this case to:

    a.   oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b.   comment on the evidence supporting the charge in the Indictment;

    c.   oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

    d.   oppose any post-conviction motions for reduction of sentence, or other relief.

**14.	Waiver of Constitutional Rights.**  The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a.   the right to plead not guilty and to persist in a plea of not guilty;

b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against him;

e. the right to compel or subpoena witnesses to appear on his behalf; and

f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement.

**15. <u>Waiver of Appellate and Post-Conviction Rights</u>.**

a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement.

b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) a sentence imposed in excess of the statutory maximum; or (4) an illegal sentence. An illegal sentence is a sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16. Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**17. Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**18. Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

**19. No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**20. Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their

9

Case 4:15-cr-00106-DW   Document 20   Filed 09/11/15   Page 9 of 10

normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Tammy Dickinson
United States Attorney

Dated   9/11/2015                By      /s/ David M. Ketchmark
                                         David M. Ketchmark
                                         First Assistant United States Attorney

                                         Vanita Gupta
                                         Principal Deputy Assistant Attorney General

Dated   9/11/2015                By      /s/ Shan Patel
                                         Shan Patel
                                         Trial Attorney
                                         Civil Rights Division
                                         Department of Justice

I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this plea agreement and I voluntarily agree to it.

Dated   9/11/2015                        /s/ Timothy Runnels
                                         Timothy Runnels
                                         Defendant

I am defendant Timothy Runnels' attorney. I have fully explained his rights with respect to the offenses charged in the Indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Timothy Runnels' decision to enter into this plea agreement is an informed and voluntary one.

Dated   9/11/2015                        /s/ JR Hobbs
                                         JR Hobbs
                                         Attorney for Defendant